## ADAMS, Exr v TAYLOR

Ohio Appeals, 2nd Dist, Franklin Co

No 2245. Decided Nov 25, 1932

Vorys, Sater, Seymour & Pease, Columbus, for Lillian T. Taylor.

Harold F. Adams, Columbus, for L. W. Adams, Executor.

Ernest A. Grabiel, Columbus, for certain legatees.

KUNKLE, J.

Should such citation issue from the Probate Court to the widow and should she now be given the opportunity to elect to take at law or under the will?

This is the question presented for consideration.

We have considered with care the very exhaustive briefs which have been filed by different counsel in this case. We shall not undertake to discuss the authorities cited in detail. It will not be necessary so to do, as the authorities and the pertinent

sections of the Code are discussed in the briefs of counsel and were commented upon during the oral argument of the case.

The sections of the Code principally involved in the consideration of the case are §§10566, 10567, 10570 and 10571.

These sections are as follows:

"Sec 10566 GC, (now in substance §10504-55 GC), ELECTION BY WIDOW OR WIDOWER. If provisions be made for a widow or widower in the will of the deceased consort, after the probate of such will, the Probate Court forthwith shall issue a citation to such widow or widower to appear and elect whether to take such provision or to be endowed of the lands of the deceased consort and take the distributive share of the personal estate."

"Sec 10567 GC (now in substance §10504-54-55, §10504-57 GC), CONSTRUCTION. Such election must be made within one year from the date of the service of such citation; except that such widow or widower, at any time before the period of such election has expired may file a petition in the Common Pleas Court for the proper county, making all persons interested in the will defendants thereto, asking a construction of its provisions in her or his favor, and for the advice of the court, or the proper appellate court on appeal thereon."

"Sec 10570 GC (now in substance §10504-56 GC) ELECTION; COURT'S DUTY. The election of the widow or widower to take under the will shall be made in person, in the Probate Court of the proper county, except as hereinafter provided. On the application by a widow or widower to take under the will, the court shall explain its provisions, the rights under it, and by law in the event of a refusal to take under the will."

"Sec 10571 GC (now in substance §§10504-56, 10504-60, 10504-61 GC) ELECTION TO BE NOTED; failure to make election. Whether or not a citation be issued in the manner provided by §10566 GC, the widow's or widower's election may be manifested by written instrument signed by such widow or widower, duly acknowledged and filed in the Probate Court within one year from the date of probate of the will of the deceased consort. In case such election is made in person in the manner specified in the preceeding section, the same shall be entered upon the minutes of the court. If the widow or widower fails to make such election in person as provided in §10570 GC, or by written instrument as provided herein, within the time limit provided by §§10567

and 10568 GC or within the time limit provided in this section, then it shall be deemed that she or he has elected to take under the will and she or he shall be bound accordingly and persons may deal with property of decedent in accordance therewith; if she or he elects not to take under the will then she or he shall retain the dower, and such share of the personal estate of the deceased consort as she or he respectively would be entitled to by law in case the deceased consort had died intestate, leaving children."

Sec 10571, GC, was amended in 1925 to read as above, and the serious question arises from such amendment which changes the presumption as to the intended election.

Prior to 1925 if the widow or widower failed to make such election she or he retained the dower and such share of the personal estate of the deceased consort as she or he respectively would be entitled to by law in case the deceased consort had died intestate leaving children.

It is conceded that no citation was issued by the Probate Court to the widow as provided by §10566, GC. It is also conceded that the debts of Clovis M. Taylor and the special bequests which have preference under his will will consume the estate and leave nothing for the widow if she is barred of or held to have waived her dower.

It is admitted that she did not file a written instrument under §10571 GC and also that she did not make an election under §10570 GC.

Sec 10566 GC as above quoted provides that the Probate Court shall **forthwith** after the probating of the will issue a citation to the widow to appear and elect.

Sec 10570, GC, above quoted provides in substance that the election of the widow to take under the will shall be made in person in the Probate Court except as hereinafter provided and that upon the application by the widow to take under the will, the court shall explain its provisions, the rights under it, and by law in the event of a refusal to take under the will.

An examination of the testimony discloses that the widow appeared at different times before the Probate Court in reference to matters pertaining to the settlement of her husband's estate. At different times during these discussions the matter of her dower was referred to and we can not escape the conclusion but that the then Probate Judge thoroughly understood that the widow did not intend to take under

the will, but intended to insist upon her rights at law. The Probate Judge in effect testifies that it was understood that for her to take under the will would give her nothing.

The failure to issue a citation was an oversight upon the part of the Probate Court. It is admitted that no explanation was made by the Probate Judge to the widow of her respective rights as provided by §10570 GC.

While the decision in the case of Bower v Bower, 34 Oh St, 164, was rendered prior to the amendment of §10571, GC, and while the facts therein are somewhat different, yet we think the reasoning in this and other cases cited by counsel require a holding that the widow is entitled to have the citation issued as provided by §10566, GC, and that after such citation is issued she then has the time provided by §10567, GC, in which to make her election.

We find nothing in the testimony which would warrant a holding that the widow by her conduct or otherwise would be estopped from claiming such dower rights. We are in accord with the judgments rendered by the two lower courts and the judgment of the Court of Common Pleas will therefore be affirmed.

ALLREAD and HORNBECK, JJ, concur.